BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-MC-00057-JAM-KJN |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $10,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.     On February 22, 2012, Special Agent James Delaney with the Drug Enforcement Administration ("DEA") and Sacramento County Sheriff's Deputies Jim Libonati and Brian Cowan contacted Raeshaun Godwin ("Godwin") at the Sacramento International Airport.  Approximately $10,000.00 in U.S. Currency (hereafter "defendant currency") was seized from Godwin during this encounter.  The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about April 30, 2012, the DEA received a claim from Raeshaun Godwin asserting an ownership interest in the defendant currency.

1

Consent Judgment of Forfeiture

PDF created with pdfFactory trial version www.pdffactory.com

2.      The United States represents that it could show at a forfeiture trial that on or about February 22, 2012, Sacramento County Sheriff's Deputies and a Special Agent with the DEA, acting on information received from another DEA agent, approached Godwin after he had exited a plane arriving at the Sacramento International Airport from Philadelphia, Pennsylvania.  The agents and deputies introduced themselves as law enforcement and asked Godwin if they could search him and his bag.  Godwin consented and while the DEA agent was searching his bag, he asked Godwin if he was traveling with any large amounts of currency.  Godwin replied that he wasn't and that he only had a "couple grand."  Godwin showed the agent approximately twenty hundred-dollar bills in his wallet.  Godwin repeatedly stated that this was the only currency he possessed.

3.      The United States could further show at trial that when asked if they could search his shoes, Godwin stated that he was done consenting, but then removed his shoes, revealing $4,000.00 in U.S. Currency in each shoe.  Godwin had no explanation as to why he was carrying money in his shoes, but said he had a total of $10,000.00 and that he was going to purchase property outside Sacramento.  A drug dog positively alerted to the presence of the odor of narcotics on the defendant currency.

4.      The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

5.      Without admitting the truth of the factual assertions contained above, Raeshaun Godwin specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Raeshaun Godwin joined the Stipulation for Consent Judgment of Forfeiture.  Raeshaun Godwin acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Raeshaun Godwin shall hold harmless and indemnify the United States, as set forth below.

1     6.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345
2  and 1355, as this is the judicial district in which acts or omissions giving rise to the
3  forfeiture occurred.
4     7.     This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial
5  district in which the defendant currency was seized.
6     8.     The parties herein desire to settle this matter pursuant to the terms of a
7  duly executed Stipulation for Consent Judgment of Forfeiture.
8     Based upon the above findings, and the files and records of the Court, it is hereby
9  ORDERED AND ADJUDGED:
10    9.     The Court adopts the Stipulation for Consent Judgment of Forfeiture
11 entered into by and between the parties.
12    10.    Upon entry of this Consent Judgment of Forfeiture, $7,500.00 of the
13 $10,000.00 in U.S. Currency, together with any interest that may have accrued on that
14 amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be
15 disposed of according to law.
16    11.    Upon entry of this Consent Judgment of Forfeiture, but no later than 60
17 days thereafter, $2,500.00 of the $10,000.00 in U.S. Currency, together with any
18 interest that has accrued on that amount, shall be returned to potential claimant
19 Raeshaun Godwin through attorney Garfield A.A. Cramer.
20    12.    The United States of America and its servants, agents, and employees and
21 all other public entities, their servants, agents and employees, are released from any
22 and all liability arising out of or in any way connected with the seizure or forfeiture of
23 the defendant currency.  This is a full and final release applying to all unknown and
24 unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well
25 as to those now known or disclosed.  The parties waived the provisions of California
26 Civil Code § 1542.
27    13.    Pursuant to the Stipulation for Consent Judgment of Forfeiture filed
28 herein, the Court finds that there was reasonable cause for the seizure of the defendant

currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

DATED:  7/26/2012			/s/ John A. Mendez					
				UNITED STATES DISTRICT COURT JUDGE

## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

DATED:  7/26/2012			/s/ John A. Mendez					
				UNITED STATES DISTRICT COURT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com